THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR SEMENYUK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TATYANA ZAGREBELNY, *et al.*,<br><br>Defendants. | CASE NO. C16-1897-JCC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff Victor Semenyuk's motion to remand and for sanctions (Dkt. No. 5). Defendants have not responded. Therefore, pursuant to Local Civil Rule 7(b)(2), "such failure may be considered by the Court as an admission that the motion has merit."

On October 14, 2016, Plaintiff filed this unlawful detainer action against Defendant Tatyana Zagrebelny in King County Superior Court. (Dkt. No. 1-1.) Defendant was personally served on October 19, 2016. (Dkt. No. 6-8.) On December 12, 2016, Defendant removed the action to federal court, asserting Fourth and Fourteenth Amendment defenses. (Dkt. No. 1.) Plaintiff now asks the Court to remand the case because the removal was untimely and the Court lacks subject matter jurisdiction. (Dkt. No. 5 at 2.) Plaintiff also requests costs and fees incurred by bringing this motion. (*Id.* at 2, 13.)

Once removed, a case can be remanded to state court for either defects in the removal

procedure or lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Pursuant to 28 U.S.C. § 1446(b)(1), a removal is timely if it is filed within 30 days after Defendant receives the complaint. The Court has subject matter jurisdiction where the matter (1) arises under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or (2) has an amount in controversy exceeding $75,000 and there is complete diversity, 28 U.S.C. § 1332. Subject matter jurisdiction arises from a plaintiff's complaint and the Court does not have federal question jurisdiction where the only federal issues are federal defenses raised by a defendant. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009).

The Court concludes that the removal was untimely and it lacks subject matter jurisdiction over this matter. First, Plaintiff removed the case more than 30 days after being served on October 19, 2016. Second, the complaint's claim arises solely under Washington state law and Defendant's Fourth and Fourteenth Amendment defenses do not confer federal question jurisdiction. Third, Plaintiff Victor Semenyuk and Defendant Tatyana Zagrebelny both live in Washington and therefore the parties are not completely diverse. As such, the Court GRANTS the motion to remand.

As for the request for costs and fees, attorney fees and costs are recoverable pursuant to 28 U.S.C. § 1447(c) where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Here, removal was clearly improper as it was untimely and the Court lacks subject matter jurisdiction on the face of the complaint. Therefore, the Court GRANTS Plaintiff's request for fees and costs. Plaintiff has presented evidence on the attorney fees incurred in both the state action and to bring this motion to remand. (Dkt. No. 6 at ¶ 3.) However, the Court concludes that only the fees for bringing the motion to remand are appropriate in this case. The Court ORDERS Plaintiff to submit a more detailed documentation that outlines the costs incurred to bring this motion to remand.

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 5) is GRANTED.

ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND
PAGE - 2

1  Additionally, Plaintiff is AWARDED costs and expenses, to be determined after further
2  documentation. Plaintiff is ORDERED to provide the relevant documentation within 14 days of
3  this Order. Further, Defendant's motion to dismiss (Dkt. No. 9) is DENIED as moot because the
4  Court lacks subject matter jurisdiction. The Court DIRECTS the Clerk to send a copy of this
5  order to the Defendants.
6          DATED this 23rd day of January 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE