1

2

3

4

5

6

7

8

9

10

11

12

13

14

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTOR SEMENYUK,

                              Plaintiff,

        v.

TATYANA ZAGREBELNY, *et al.*,

                              Defendants.

CASE NO. C16-1897-JCC

ORDER ON FEES AND COSTS

15

16

17

18

19

20

21

22

23

24

25

26

This matter comes before the Court on Plaintiff's supplemental declaration for fees (Dkt. No. 12), as requested by the Court (Dkt. No. 11 at 3). Attorney fees and costs for bringing a motion to remand are recoverable pursuant to 28 U.S.C. § 1447(c) where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). The Court has already determined removal was objectively unreasonable for numerous reasons. (Dkt. No. 11 at 2.) Plaintiff's counsel submits that she spent a total of 22 hours working on the motion to remand and her hourly billing rate is $175 per hour. (Dkt. No. 12 at 2.)

First, the Court must determine whether the requested number of hours is the same number of hours that reasonably competent counsel would have billed. *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1169 (N.D. Cal. 2004). "If the requested number of hours is greater than the number of hours reasonably competent counsel would have billed, then

the Court should reduce the requested number of hours accordingly." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (holding courts should exclude "excessive, redundant, or otherwise unnecessary" hours)). The Court concludes that the number of hours requested is unreasonable and duplicative. For example, Plaintiff's counsel states that she spent 6 hours preparing the remand motion and 6 hours working on the remand motion. (Dkt. No. 12 at 2.) Moreover, 22 hours seems excessive considering the obvious and blatant removal issues on the face of the complaint. Therefore, because Plaintiff's counsel billed an unreasonable number of hours on this motion to remand, the Court reduces the requested hours to 11 hours. Second, the Court must determine a reasonable hourly rate. *Albion*, 329 F. Supp. 2d at 1169. The Court concludes that $175 per hour is reasonable.

Consequently, based on an hourly rate of $175 for 11 billable hours, attorney fees total $1,925. The Court also awards $129.50 for additional costs that were incurred for delivery of the remand motion to Defendants. Therefore, Plaintiff is AWARDED $2,054.50 in attorney fees and costs for bringing the motion to remand.

DATED this 13th day of February 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE